**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-1100**

JUAN GONZALEZ,

        Plaintiff - Appellant,

     v.

FAITHFUL+GOULD, INC.,

        Defendant - Appellee.

------------------------------------------------------------

EPILEPSY FOUNDATION OF AMERICA; EPILEPSY FOUNDATION OF VIRGINIA,

        Amici Supporting Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, Senior District Judge. (1:17-cv-00624-TSE-MSN)

Submitted: September 20, 2018            Decided: November 16, 2018

Before DIAZ and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David M. Wachtel, TRISTER, ROSS, SCHADLER & GOLD, Washington, D.C., for Appellant. Raymond Baldwin, Christine Costantino, SEYFARTH SHAW LLP, Washington, D.C., for Appellee. Stuart O. Simms, BROWN GOLDSTEIN LEVY, LLP,

Baltimore, Maryland; Alexandra K. Finucane, Landover, Maryland, for Amici Curiae.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Gonzalez appeals the district court's order granting Faithful+Gould, Inc. (F+G) summary judgment on his disability discrimination claims, brought pursuant to the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101 to 12213 (West 2013 & Supp. 2018). Gonzalez asserts that the district court erred in granting F+G summary judgment because: (1) it made a credibility determination when it determined that F+G decided to fire Gonzalez before it knew he had a disability; (2) F+G's admission that Gonzalez was terminated based on misconduct that was caused by his disability constituted direct evidence and, thus, the court should not have applied the *McDonnell Douglas*[*] burden-shifting paradigm to decide F+G's motion; (3) the district court usurped the jury's role when it found that requiring an employee to keep his clothes on at work is a reasonable business necessity; and (4) a reasonable jury could find that F+G failed to accommodate Gonzalez when it learned of his disability. The Epilepsy Foundation of America and the Epilepsy Foundation of Virginia have filed an amici curiae brief asserting, in part, that because the misconduct for which Gonzalez was terminated was an involuntary manifestation of his disability, the district court erroneously expanded an employer's misconduct defense to an ADA discriminatory discharge claim. Finding no error, we affirm.

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving

_____

[*] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

3

party." *Smith v. Gilchrist*, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See Seremeth v. Bd. of Cty. Comm'rs Frederick Cty.,* 673 F.3d 333, 336 (4th Cir. 2012). In determining whether a genuine issue of material fact exists, we view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the non-moving party. *See Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011).

To defeat summary judgment, however, a plaintiff must present sufficient evidence to allow reasonable jurors to find he has proven his claims by a preponderance of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). To accomplish this task, a plaintiff "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Indeed, to avoid summary judgment, a plaintiff "must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

We have reviewed the parties' and amici briefs and the joint appendix, and have fully considered the arguments on appeal, and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *See Gonzalez v. Faithful+Gould, Inc.*, No. 1:17-cv-00624-TSE-MSN (E.D. Va., Dec. 22, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

4

*AFFIRMED*